# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID GARNER, CHASE MCDONALD,
and JODY CHAMPAGNE,**

        **Plaintiffs,**

-vs-                                   **Case No. 6:08-cv-925-Orl-22KRS**

**CENTRAL FLORIDA STONE WORKS,
INC. and JOHN UZNIS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 36)** |
| **FILED:** | **December 24, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiffs move to voluntarily dismiss their case pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Court has construed Plaintiffs' notice as a motion to dismiss. Doc. No. 38. Defendants have not responded to the motion and the time for doing so has passed.

John Uznis is the only defendant to have appeared in the action. Doc. No. 10. Subsequent to Uznis's appearance, Plaintiff sought leave to amend the complaint from a collective action to an individual action by three plaintiffs. Doc. No. 27. Because the nature of the complaint had changed,

Plaintiffs were directed to obtain an amended summons and to effect process upon the non-appearing defendant, Central Florida Stone Works, Inc. on or before December 22, 2008. Doc. No. 28. Uznis's attorney was permitted to withdraw on December 1, 2008, based upon counsel's representation that Uznis had failed to fulfill his obligations as set forth in an engagement letter. Doc. Nos. 31, 33.

Plaintiffs have been unable to serve Central Florida Stone Works, Inc. with the amended complaint as directed. Plaintiffs also have been unsuccessful in locating Uznis. Based on the inability to serve defendants and a notice advising the public that Central Florida Stone Works, Inc. is in court-ordered receivership, Plaintiffs have concluded that their likelihood of recovery is slim and they wish to dismiss their case without prejudice.

It appears that the Eleventh Circuit has not addressed the issue of whether a party can voluntarily dismiss an amended complaint without prejudice pursuant to Rule 41(a)(1)(A)(i) when an answer has been filed in connection with a prior complaint, but not the amended complaint. Other courts that have addressed the issue have determined that "the service of an amended complaint does not revive the right to voluntarily dismiss an action." *See Wright v. Standard Ins. Co.*, No. 8:07-cv-1586-T-33MSS, 2008 WL 5070228, at *6 (M.D. Fla. Nov. 24, 2008)(and cases cited therein). Because Uznis has appeared in the action, dismissal pursuant to Rule 41(a)(1)(A)(i) is improper as to him. Conversely, Central Florida Stone Works, Inc. has never appeared, therefore I recommend that it be dismissed pursuant to Rule 41(a)(1)(A)(i).

The Court may dismiss the complaint against Uznis pursuant to Rule 41(a)(2). Rule 41(a)(2) provides "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Eleventh Circuit commented in *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir.1986), that "[t]he purpose of the rule is

primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id*. at 856 (internal citations omitted). The *McCants* court further advised that "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id*.

In this case, Uznis's participation has been minimal. His counsel moved to withdraw due to Uznis's failure to comply with the engagement letter and now Uznis cannot be located. Under these circumstances, I do not find that Uznis will be unfairly affected by the dismissal. Therefore, I recommend that Plaintiffs' complaint against Uznis be dismissed pursuant to Rule 41(a)(2) and that no special conditions are warranted.

For the reasons set forth above, I **RECOMMEND** that the Court dismiss the action without prejudice and direct the Clerk of Court to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 13, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy